Mark M. Bettilyon, UT 4798
Peter M. de Jonge, UT 7185
Jed H. Hansen, UT 10679
**THORPE, NORTH & WESTERN, LLP**
175 South Main, Suite 900
Salt Lake City, Utah 84111
Telephone: (801) 566-6633
Facsimile: (801) 566-0750

*Attorneys for Plaintiff*
*Alliance Sports Group, L.P.*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| Alliance Sports Group, L.P., a Texas limited liability partnership,<br><br>Plaintiff,<br><br>vs.<br><br>EB Brands Holdings, Inc.<br><br>Defendant. | **COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>Civil Case No.: 2:16-cv-01116<br><br>Magistrate Judge Brooke C. Wells |

Plaintiff Alliance Sports Group, L.P. ("ASG") ("Plaintiff") by and through its counsel hereby files this Declaratory Complaint with Jury Demand against Defendant EB Brands Holdings, Inc. ("EB").

**COMPLAINT**

Plaintiff complains and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff ASG is a Texas limited partnership having a principal place of business at 3025 North Great Southwest Parkway, Grand Prairie, Texas 75050 with numerous employees located within the state of Utah.

2. Upon information and belief, Defendant EB is a Delaware corporation with its principal place of business at 555 Taxter Road, Elmsford, New York, 10523.

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1367, and 1338.

4. Plaintiff brings this action under Title 35, United States Code §§ 1 et seq. and under the Federal Declaratory Judgment Statute, Title 28, United States Code §§2201, 2202, and Utah common law.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338 and 35 U.S.C. §§ 1 et seq. including, without limitation, 35 U.S.C. §§101-103, 171, and 271.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391.

7. Upon information and belief, this Court has general personal jurisdiction over the Defendant since its contacts with the state of Utah are substantial, continuous, and systematic.

8. Upon information and belief, this Court also has specific personal jurisdiction over the Defendant as it sells products relevant to the dispute directly into the state of Utah.

## GENERAL ALLEGATIONS

9. ASG is in the business of inventing, developing, manufacturing, distributing, and selling various sport-related products, including waist slimming belts.

10. ASG markets and distributes a waist slimming belt under the BOLLINGER® brand ("Bollinger Slimming Belt") to retailers, including retailers having locations in the state of Utah. An image of that products is provided below:



11. Upon information and belief, EB is the owner of United States Design Patent No. D598,637. A copy of this patent is attached hereto as Exhibit A.

12. The design shown in the '637 Patent is strikingly similar to other designs used in connection with slimming belt designs that existed before the filing date of the '637 Patent. Attached hereto as Exhibit B is an example of a prior art design, upon information and belief, predates the design shown in the '637 Patent.

13. Plaintiff is aware of a prior art reference that was not considered during the original prosecution of the '637 Patent. Plaintiff intends to investigate inequitable conduct during discovery and, at such time that Plaintiff has sufficient information to plead inequitable conduct, will seek to do so. See *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 989 F. Supp. 1237, 1247 (N.D. Cal. 1997) ("... because the legal theory implicates Federal Rule of Civil Procedure 9(b), requiring pleading of fraud with particularity, *SciMed* was entitled to confirm factual allegations before amending to include the inequitable conduct defense); *Enzo Life Sciences, Inc., v. Digene Corp.*, 270 F. Supp. 2d 484, 487-90 (D. Del. 2003) ("the Court concludes that since the Rule 9(b) 'pleading with particularity' requirement is implicated with

regard to an inequitable conduct claim, *Digene* was prudent and possibly required to confirm the factual allegations through discovery").

14. On or about September 6, 2016, EB sent a letter to Dick's Sporting Goods, one of ASG's retailers with locations in Utah, alleging that ASG's Bollinger Slimming Belt infringe the '637 Patent and demanding that Dick's Sporting Goods immediately stop all manufacture, importation and/or sale of the Bollinger Slimming Belt. A copy of that letter is attached hereto as Exhibit C.

15. ASG received notice from several of its other customers that EB has also sent cease and desist letters to those customers demanding that they also cease all manufacture, importation and/or sale of the Bollinger Slimmer Belt.

16. While ASG has reached out to EB in an effort to resolve its concerns, EB refuses to respond to ASG, forcing ASG to seek assistance from this Court.

17. Upon information and belief, EB sent cease and desist demand letters to ASG's customers with the primary intent of causing harm to ASG in the marketplace. Moreover, the act of demanding that ASG customers cease selling a product for alleged infringement of a patent that was procured through inequitable conduct is a violation of established standards of conduct.

18. As a result of EB's unlawful acts, certain of ASG's customers have removed ASG's Bollinger Slimming Belt from its stores indicating that they will not sell the product until the improper allegations made by EB are resolved.

19. EB's actions have created a real and substantial controversy related to infringement of the '637 Patent both by ASG and its customers, including Dick's Sporting Goods, for which ASG now seeks relief.

## FIRST CAUSE OF ACTION

**(Non-Infringement of Patent 28 U.S.C. §§2201, 2202 and 35 U.S.C. §§ 271)**

20. Plaintiff hereby incorporates by reference each and every preceding allegation of this complaint as if set forth fully herein.

21. Plaintiff has a reasonable fear and apprehension that it will be sued for patent infringement and that an actual and justiciable controversy exists between the parties.

22. Plaintiff contends that the Bollinger Slimmer Belt does not infringe any valid claim of the ‘637 Patent.

23. As such, Plaintiff is entitled to an order declaring that the Bollinger Slimmer Belt does not infringe any valid claim of the ‘637 Patent.

## SECOND CAUSE OF ACTION

**(Patent Invalidity 28 U.S.C. §§2201, 2202 and 35 U.S.C. §§ 101-103, 112, and 171)**

24. Plaintiff hereby incorporates by reference each and every preceding allegation of this complaint as if set forth fully herein.

25. Plaintiff has a reasonable fear and apprehension that it will be sued for patent infringement and that an actual and justiciable controversy exists between the parties.

26. Moreover, the design shown in the ‘637 Patent is strikingly similar to other designs used in connection with slimming belts that have existed before the filing date of the ‘637 Patent, including at least D380,588.

27. Based on the above, Plaintiff believes the ‘637 Patent is invalid at least pursuant to 35 U.S.C. §§ 101-103, and/or 171.

28. As such, Plaintiff is entitled to an order declaring that the ‘637 Patent is invalid.

**THIRD CAUSE OF ACTION**
**(Tortious Interference - Utah Common Law)**

29. Plaintiff hereby incorporates by reference each and every preceding allegation of this complaint as if set forth fully herein.

30. Upon information and belief, EB has intentionally interfered with ASG's existing and/or potential economic relations.

31. Upon information and belief, EB has intentionally interfered with ASG's existing and/or potential economic relations for an improper purpose or by improper means, namely to disrupt ASG's business relationships with third parties in an effort to harass ASG in the marketplace and unlawfully increase EB's market share of waist slimming belt products.

32. ASG has been damaged by the aforementioned acts of EB and will continue to be damaged unless EB is preliminarily and permanently enjoined from the tortious acts described herein.

33. In addition to the above, ASG is entitled to an award of its damages for the aforementioned acts of EB in an amount to be determined by the Court.

**WHEREFORE**, it is respectfully requested that the Court enter judgment in favor of Plaintiff as follows:

A. That the Court enter judgment that the Bollinger Slimming Belt does not and will not infringe the '637 Patent.

B. That the Court enter judgment that the '637 Patent is invalid pursuant to 35 U.S.C. §§ 101-103, 112, and/or 171.

C. That the Court enter judgement that the acts described herein by EB constitute tortious interference with ASG's business relationships.

  D. That the Court award ASG damages for EB unlawful acts.

  E. That the Court award ASG its costs and attorney's fees related to this action.

  F. That Plaintiff have such other and further relief as shall seem just and proper to the Court.

  G. That the Court grant preliminary and permanent injunctive relief enjoining EB its officers, directors, principals, agents, servants, employees, successors and assigns, and all others aiding, abetting, or acting in concert or active participation therewith, from directly or indirectly alleging that the Bollinger Slimmer Belt infringes the '637 Patent.

Dated: October 31, 2016

        /s/ Jed H. Hansen
        Mark M. Bettilyon
        Peter M. de Jonge
        Jed H. Hansen
        **THORPE NORTH & WESTERN, LLP**

        Attorneys for Plaintiff

        *Alliance Sports Group, L.P.*